Submitted May 6, reversed June 15, 2022

In the Matter of C. W.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. D.,
*Appellant.*

Umatilla County Circuit Court
19JU01290; A177431 (Control)

In the Matter of S. W.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. D.,
*Appellant.*

Umatilla County Circuit Court
19JU01292; A177432

In the Matter of O. W.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. D.,
*Appellant.*

Umatilla County Circuit Court
19JU01293; A177433

512 P3d 1282

Robert W. Collins, Jr., Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Sarah Peterson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General, filed the brief for respondent.

Before Powers, Presiding Judge, and Lagesen, Chief Judge, and Hellman, Judge.

PER CURIAM

Reversed.

**PER CURIAM**

In these three consolidated dependency cases, mother challenges the juvenile court's judgment changing her children's permanency plans from reunification to adoption. Mother challenges the juvenile court's determination that the Department of Humans Services (DHS) made reasonable efforts to reunify mother with the children but that notwithstanding its efforts, mother made insufficient progress to make it possible for the children to return home. Because the court's reasons for concluding that mother had made insufficient progress did not relate to the basis for the court's jurisdiction over the children, DHS concedes that the juvenile court erred. We agree that the juvenile court erred and reverse.

A detailed recitation of the facts would not benefit the bench, the bar, or the public. Briefly stated, in 2019, the court took jurisdiction over the three children based on mother's and father's admissions that they had provided inadequate supervision to the two younger children.[1] In 2021, DHS moved to change the children's plans from reunification to adoption, asserting that mother had participated in but had not yet completed drug and alcohol treatment, had tested positive for methamphetamine the prior year, had participated in a mental health evaluation but had not received mental health treatment, and had continued to have contact with father. DHS presented evidence to support those allegations at a hearing. After the hearing, the court stated that mother's inability to adequately supervise the children related to her mental health issues, drug and alcohol issues, and her focus on her relationship with father. The court concluded that mother's "failure to engage in services," and her continuation of "a very destructive and violent relationship" with father, created a situation where she had not made sufficient progress for the children to return home.

To change a permanency plan from reunification to adoption under ORS 419B.476, DHS must prove by a preponderance of the evidence that it made reasonable efforts

_____

[1] Father did not participate in the permanency hearing and is not a party to this consolidated appeal.

to reunify the parent and child or children under the juvenile court's jurisdiction, and that, notwithstanding those efforts, the parent's progress, if any, was insufficient to allow reunification. *Dept. of Human Services v. R. B.*, 263 Or App 735, 745, 329 P3d 787 (2014). DHS's efforts, as well as the parent's progress, are evaluated by reference to the facts that formed the bases for juvenile court jurisdiction. *Dept. of Human Services v. C. M. E.*, 278 Or App 297, 307, 374 P3d 969 (2016). As mother notes, when a juvenile court relies on facts concerning an "underlying cause" for the basis of its jurisdiction, that underlying cause needs to be sufficiently identified in the jurisdictional judgment to provide a parent with the information needed to address the issue. *See generally Dept. of Human Services v. C. E.*, 288 Or App 649, 658, 406 P3d 211 (2017). As DHS acknowledges, the jurisdictional judgments here directed mother to follow mental health and substance abuse treatment recommendations, but did not order her to complete such treatments, or to terminate her relationship with father to achieve reunification. In this circumstance, the juvenile court erred in concluding that mother's progress was insufficient to allow reunification based on facts that were extraneous to the basis for jurisdiction.

Reversed.